**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| (1) PHILIP MAYER and | ) | |
| (2) TAMMY MAYER, | ) | |
| | ) | |
|     Plaintiffs, | ) | Case No. CIV-14-1381-C |
| | ) | |
| vs. | ) | |
| | ) | District Court of Cleveland County |
| (1) HORACE MANN INSURANCE | ) | Case No. CJ-2014-624 |
|     COMPANY, and | ) | Honorable Tracy Schumacher |
| (2) DUSTY TREAT INSURANCE | ) | |
|     AGENCY, LLC, | ) | |
| | ) | |
|     Defendants. | ) | |

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §1446 and LCvR 81.2, Defendant Horace Mann Insurance Company (Horace Mann) hereby files this Notice of Removal. Horace Mann offers the following in support of its Notice of Removal.

### INTRODUCTION

Plaintiffs purchased a Horace Mann homeowners policy through the offices of Defendant Dusty Treat Insurance Agency, LLC (DTI). DTI is a captive agent of Horace Mann, and it only sales Horace Mann insurance policies. Horace Mann offers one type of homeowners insurance policy. Plaintiffs originally purchased their homeowners policy in 2012 and renewed the policy in 2013 and 2014.

Plaintiffs' home sustained relatively minor damage in the May 20, 2013 tornado that hit Moore, Oklahoma. Plaintiffs continued to live in their home after the tornado hit because their home was never deemed uninhabitable or a total loss. Plaintiffs' homeowners policy

included dwelling coverage in the amount of $183,800. The cost to repair Plaintiffs' home fell well within the coverage limits of their policy, which Horace Mann promptly paid.

Notwithstanding, Plaintiffs brought an action against Horace Mann in case number CJ-2014-624 filed in the District Court of Cleveland County, State of Oklahoma styled *Philip Mayer and Tammy Mayer, Plaintiffs v. Horace Mann Insurance Company and Dusty Treat Insurance Agency, LLC, Defendants.* Process was served on Horace Mann through the Oklahoma Insurance Department on November 13, 2014. This Notice of Removal is timely filed under the provisions of 28 U.S.C. §1446(b), in that it is filed within thirty (30) days of service of Plaintiffs' Petition. In their Petition, Plaintiffs seek damages in an amount in excess of $75,000.00.

As discussed more fully below, removal is appropriate in this matter because complete diversity exists between Plaintiffs and Horace Mann and Plaintiffs seek an amount greater than $75,000.00, as required by 28 U.S.C. §1332. Pursuant to 28 U.S.C. §1446 and LCvR 81.2, copies of all process, pleadings and orders served upon Horace Mann, together with a copy of the docket sheet from the Cleveland County District Court, are attached as Exhibits 1-7. The docket sheet is Exhibit 1, Plaintiffs' Petition is Exhibit 2, Summons are Exhibit 3, Entry of Appearance of Jo L. Slama and Steven R. Davis is Exhibit 4, and Entry of Appearance and Reservation of Time in Which to Further Answer or Plead is Exhibit 5, Entry of Appearances for Brion B Hitt and J. Mark McAlester are Exhibit 6, and Defendant Horace Mann Insurance Company's Answer to Plaintiffs' Petition is Exhibit 7. At the time of removal, no motions are pending in this case before the Cleveland County District Court,

State of Oklahoma. Contemporaneously with this filing, Horace Mann served a Notice of Filing Notice of Removal on Plaintiffs' counsel and the Court Clerk of the District Court of Cleveland County, State of Oklahoma.

Additionally, DTI, although improperly joined, consents to removal of this action. DTI will provide its written consent to removal upon receipt of the case number for this action.

### DIVERSITY OF CITIZENSHIP

This Court has original jurisdiction over this case pursuant to 28 U.S.C. §1332, and the case is one which may be removed to this Court by Horace Mann pursuant to the provisions of 28 U.S.C. §1441. Complete diversity of citizenship exists between Plaintiffs and Horace Mann. According to Plaintiffs' Petition, they are residents of the State of Oklahoma. Horace Mann is an Illinois corporation with its principal place of business in Springfield, Illinois. DTI is an Oklahoma limited liability company with its principal place of business in Moore, Oklahoma. However, the presence of DTI in this suit does not defeat Horace Mann's right to remove this case. DTI should be dismissed because Plaintiffs fraudulently joined DTI in this action.

**A.      Plaintiffs Fraudulently Joined DTI to Defeat Diversity Jurisdiction.**

The instant case is substantially similar to *Smith v. Allstate Vehicle and Prop. Ins. Co.*, 2014 U.S. Dist. Lexis 48240[1] (*Smith v. Allstate*) and other similar cases recently filed by Plaintiffs' counsel in which he sues local agents as a matter of course in an effort to defeat diversity jurisdiction.[2]  In fact, the *Smith v. Allstate* Petition is virtually identical to the Plaintiffs' Petition in this case.  The instant case, like *Smith v. Allstate*, is a "bad faith" case against a diverse insurance company.  Also like *Smith v. Allstate*, Plaintiffs attempt to defeat diversity jurisdiction by improperly joining a local insurance agent who sold a policy of insurance to Plaintiffs.  The defendant insurer in *Smith v. Allstate* explained:

> Plaintiffs' counsel's formula is to join the agent and make generic, boilerplate allegations using petitions containing no facts specific to any particular plaintiff's case.  These repetitive, bulky, 'cut-and-paste' petitions are used to give the appearance of legitimate, viable claims against the agent even though such claims are not supported under Oklahoma law.

Notice of Removal, CIV-14-0018-HE [Doc. No. 1 at p. 2].  The same is true here.

**B.      DTI is Fraudulently Joined in this Case Because Plaintiffs Fail to State a Viable Cause of Action Against DTI.**

Plaintiffs clearly joined DTI in this case in an effort to defeat diversity jurisdiction. The right of removal "cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy." *Wilson v. Republic Iron & Steel Co.*, 257

---

[1] USDC, Western District of Oklahoma, case number CIV-14-0018-HE.

[2] *See* Notice of Removal in CIV-14-0018-HE [Doc. No. 1, at pp. 2-3].

U.S. 92, 97 (1921). Where fraudulent joiner is claimed, the Court must "pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available." *Dodd v. Fawcett Publications, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964).

Plaintiffs Petition asserts purported causes of action against DTI for the following: 1) breach of fiduciary duty; 2) constructive fraud/negligent misrepresentation; and 3) negligence in the procurement of insurance. Plaintiffs' Petition fails to state a viable claim against DTI under Oklahoma law.

### 1. Oklahoma Courts Have Not Imposed a Fiduciary Duty on Insurance Agents.

In *Cosper v. Farmers Insurance Co.*, 309 P.3d 147 (Okla. Civ. App. 2013), the Oklahoma Court of Civil Appeals recognized "'[t]here are no Oklahoma cases holding that an insurance agent owes a fiduciary duty to a prospective insured, or to an established customer with respect to procurement of an additional policy.'" *Cosper*, 309 P.3d at 150 (quoting *Swickey v. Silvey Cos.*, 1999 OK CIV APP 48, ¶ 12, 979 P.2d 266, 269). Similarly, in *Silver v. Slusher*, 770 P.2d 878, 882, n.11, the Oklahoma Supreme Court recognized that the relationship between the insured and insurer was arm's length, and they did not stand in any recognized form of "special relationship."

Additionally, this Court, based on identical allegations, found that a fiduciary duty did not exist between a customer and insurance agent. *Smith v. Allstate Vehicle & Prop. Ins. Co.*,

2014 U.S. Dist. LEXIS 48240, *12.  Just as in the *Smith v. Allstate* case, Plaintiffs fail to allege any specific facts to support a fiduciary relationship between Plaintiffs and DTI.

### 2.     Plaintiffs' Constructive Fraud/Negligent Misrepresentation Claim Against DTI Fails.

Plaintiffs' constructive fraud/negligent misrepresentation claim requires the breach of an existing duty.  15 O.S. § 59; *Cosper*, 309 P.3d at 149-50.  However, under Oklahoma law "insurance companies and their agents do not have a duty to advise an insured with respect to his insurance needs." *Rotan v. Farmers Ins. Group of Cos., Inc.*, 83 P.3d 894, 895 (Okla. Civ. App. 2004); *Silver*, 770 P.2d at 882 n.11 (Okla. 1988) (holding no duty to explain coverage terms to insured); *Cosper*, 309 P.3d at 149 (holding no duty to provide an "adequate amount" of coverage); *Mueggenborg v. Ellis*, 55 P.3d 452, 453 (Okla. Civ. App. 2002) (holding no statutory or common law duty to advise as to amount of insurance).

DTI owed no duty under Oklahoma law to notify Plaintiffs about insurance coverage options or to provide an adequate amount of coverage.  The allegations in Plaintiffs' Petition are insufficient to show that DIT breached a general duty owed to Plaintiffs.  As such, Plaintiffs constructive fraud/negligent misrepresentation claim fails.

Plaintiffs make no allegation in their Petition that DTI failed to obtain insurance on their home.  Plaintiffs admit that they purchased a homeowner's policy from Horace Mann through DTI.  Plaintiffs' failure to identify an existing duty recognized under Oklahoma law

that was owed and breached by DTI is fatal to their constructive fraud/negligent misrepresentation claim. *Cosper*, 309 P.3d at 149-50.

Plaintiffs' constructive fraud/negligent misrepresentation claim also fails because it rests upon alleged statements regarding the future performance of the policy. Under Oklahoma law, a misrepresentation "must be regarding existing facts and not to future events." *Slover v. Equitable Variable Life Ins. Co.*, 443 F.Supp.2d 1272, 1282 (N.D. Okla. 2006) (quoting *Hall v. Edge*, 782 P.2d 122, 128 n.4 (Okla. 1989). Plaintiffs cannot reasonably be said to have relied on statements from DTI because they received a copy of the homeowners policy and are bound by Oklahoma law to read and know it. *National Fire Ins. Co. of Hartford v. McCoy*, 239 P.2d 428, 430 (Okla. 1951). As such, "[a]n action for fraud may not be predicated on false statements when the allegedly defrauded party could have ascertained the truth with reasonable diligence." *Silver*, 770 P.2d at 882 n. 8.

Perhaps more important, Plaintiffs' claim fails because it is based on an event that never occurred—the total loss of Plaintiffs' home. Plaintiffs have not alleged that their house was destroyed (because it was not) or that it cost more to repair their home than the coverage provided. The replacement cost of Plaintiffs' home is not at issue in this case. Therefore, Plaintiffs cannot reasonably be said to have relied on the alleged statements regarding the replacement cost of their home, nor could they have been damaged by them.

Last, Plaintiffs' constructive fraud claim fails because Plaintiffs failed to plead facts with particularity as required by Federal Rule 9. Plaintiffs' Petition must "set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *Lawrence Nat'l Bank v. Edmonds*, 924 F.2d 176, 180 (10th Cir. 1991). Plaintiffs' Petition contains nothing more than allegations of purported legal theories and conclusions. Plaintiffs' legal theories and conclusions lack any factual detail necessary to state a viable constructive fraud claim. Plaintiffs' claim should be dismissed for failure to provide the required factual specificity.

### 3.     Plaintiffs Negligent Failure to Procure Insurance Claim Fails.

"In order to prevail on a claim for breach of contract to procure insurance, a plaintiff must show that the insurance agent agreed to procure insurance coverage effective as of a certain date and time, or of a certain breadth, and then failed to do so." *Swickey*, 979 P.2d at 268. Also, as noted, the Oklahoma courts have explicitly refused to impose a duty upon an insurer to provide an "adequate amount" of coverage when the insured did not request a specific amount of coverage. *Cosper*, 309 P.3d at 149.

Again, Plaintiffs state that they purchased a homeowners policy from Horace Mann. Plaintiffs even renewed the policy. Plaintiffs do not allege that DTI failed to procure coverage. Further, Plaintiffs do not allege that the amount of coverage was not what they had requested. Plaintiffs also do not allege that the amount of coverage was insufficient to cover

the damage to their home.  As such, Plaintiffs attempt to hold DTI accountable under Oklahoma law for its conduct in conjunction with the procurement of their policy fails.

### CONCLUSION

This Court, under virtually identical allegations, determined that Oklahoma law does not recognize Plaintiffs' claims against DTI, and Plaintiffs' Petition fails to state any viable claim against DTI.  Plaintiffs' fraudulently joined DTI to defeat diversity jurisdiction.  Complete diversity of citizenship exists between the proper parties.

WHEREFORE, premises considered, Defendant Horace Mann Insurance Company respectfully requests that this Court remove the instant case from the District Court of Cleveland County, State of Oklahoma, into the District Court of the United States for the Western District of Oklahoma.

    Respectfully submitted,

/s/ *Brion B. Hitt*
J. Mark McAlester, OBA No. 18104
    jmmcalester@fentonlaw.com
Brion B. Hitt, OBA No. 19120
    bbhitt@fentonlaw.com
FENTON, FENTON, SMITH, RENEAU & MOON
211 N. Robinson, Suite 800N
Oklahoma City, OK 73102
405-235-4671 / 405-235-5247 (fax)
**ATTORNEYS FOR DEFENDANT,**
**HORACE MANN INSURANCE COMPANY**

## **CERTIFICATE OF SERVICE**

This will certify that on the 15th day of December, 2014, I electronically transmitted the attached document to the Clerk of the Court using ECF System for filing. Based on the electronic records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to the following recipients:

| | |
|---|---|
| Jeff D. Marr<br>Carole Dulisse<br>MARR LAW FIRM<br>4301 S.W. Third Street, Suite 110<br>Oklahoma City, OK 73108<br><br>-and-<br><br>Jo L. Slama<br>Steven R. Davis<br>SLAMA LEGAL GROUP<br>4301 S.W. Third Street<br>Oklahoma City, OK 73108<br>**ATTORNEYS FOR PLAINTIFFS** | Tori S. Levine<br>WILSON, ELSER, MOSKOWITZ, EDELMAN<br> & DICKER, LLP<br>Bank of America Plaza<br>901 Main Street, Suite 4800<br>Dallas, TX 75202<br>**ATTORNEY FOR DEFENDANT**<br>**DUSTY TREAT INSURANCE AGENCY, LLC** |

                                                /s/ *Brion B. Hitt*
                                                J. Mark McAlester / Brion B. Hitt