STATE OF OKLAHOMA  
IN THE DISTRICT COURT OF CLEVELAND CLEVELAND COUNTY } S.S.  
STATE OF OKLAHOMA

FILED

MAY 20 2014

In The Office of the  
Court Clerk RHONDA HALL

PHILIP MAYER and TAMMY MAYER, )  
husband and wife, )  
 )  
 )  
 )  
 Plaintiffs, )  
 )  
*versus* )  Case No.  CJ-2014-624 TS  
 )  
HORACE MANN INSURANCE )  
COMPANY and DUSTY TREAT )  
INSURANCE AGENCY, LLC, )  
 )  
 Defendants. )

### PETITION

COMES NOW, the Plaintiffs, Philip Mayer and Tammy Mayer, husband and wife (hereinafter "Plaintiffs"), for their claims against Defendants, Horace Mann Insurance Company (hereinafter "Horace Mann") and Dusty Treat Insurance Agency, LLC, (hereinafter "DTI"), state as follows:

1.  Plaintiffs are residents of Moore, located in Cleveland County, Oklahoma.

2.  Defendant Horace Mann is a corporation incorporated under the laws of the State of Illinois.

3.  Defendant DTI is an insurance agency incorporated under the laws of the State of Oklahoma, having its principle place of business in Cleveland County, Oklahoma.

4.  Plaintiffs entered into a contract of insurance with Defendant Horace Mann to provide coverage for their residence, household contents, and personal property. Plaintiffs' insured property is located in Cleveland County, Oklahoma.

5.  Plaintiffs purchased their homeowners policy of insurance through the offices of Defendant DTI. At the time Plaintiffs purchased their homeowners policy with Defendant Horace

1



EXHIBIT

2

Mann, Defendant DTI was an agent and/or ostensible agent of Defendant Horace Mann.

6.      Plaintiffs relied on Defendant DTI's representations and purchased the same. Plaintiffs trusted and believed Defendant DTI had the requisite insurance agent skills and expertise to properly procure the insurance coverage Plaintiffs requested.

7.      Thereafter, Defendant Horace Mann issued the policy of insurance (Policy No. 01814263) to the Plaintiffs.

8.      Horace Mann represented to the Plaintiffs, directly and through its agent, Defendant DTI, that it would conduct itself in accordance with Oklahoma law and would fully and fairly investigate and pay claims. Plaintiffs relied on said representations.

9.      On or about the 20th day of May, 2013, Plaintiffs' property, which was insured by the subject homeowners policy of insurance, was severely damaged as the direct result of a catastrophic tornado.

10.     Consequently, Plaintiffs properly and timely submitted a claim to Defendant Horace Mann for the property damage resulting from the May 20, 2013, tornado.

11.     Defendant Horace Mann confirmed Plaintiffs' property had in fact sustained direct physical damage as a result of catastrophic tornado which occurred on or about the 20th day of May, 2013, and that said loss was covered under the terms and conditions of Plaintiffs' homeowners policy with Horace Mann.

## FIRST CAUSE OF ACTION
## BREACH OF CONTRACT

12.     Plaintiffs entered into a contract of insurance with Defendant Horace Mann to provide coverage for their dwelling and personal property. The Horace Mann insurance policy with Defendant was in full force and effect at all material times hereto.

13.     Plaintiffs provided proper and timely notice to Defendant Horace Mann of their

2

claims arising from the catastrophic tornado of May 20, 2013.

14.     Plaintiffs have in all material ways, complied with the terms and conditions of the policy.

15.     Defendant Horace Mann, however, has breached its contractual obligations under the terms and conditions of the insurance contract with Plaintiffs by failing to pay Plaintiffs all benefits to which they are entitled under the terms and conditions of the policy.

16.     As a result of Defendant Horace Mann's breach of contract and other wrongful conduct, Plaintiffs have sustained financial losses, mental and emotional distress and have been damaged in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of attorneys' fees, costs and interest.

**SECOND CAUSE OF ACTION**
**BAD FAITH**

Plaintiffs adopt and re-plead paragraphs 1 through 16 above, and for their claim against Defendant, Horace Mann, further alleges as follows:

17.     Horace Mann owed a duty to Plaintiffs to deal fairly and in good faith.

18.     Horace Mann breached its duty to deal fairly and in good faith by engaging in the following acts and omissions:

      a.     failing to pay the full and fair amount for the property damage sustained by Plaintiffs from the May 20, 2013, tornado in accordance with the terms and conditions of their insurance policy;

      b.     failing to pay all additional coverages due and owing to Plaintiffs under the terms and conditions of their homeowners policy of insurance, thereby unfairly and without valid basis, reducing the fair amount of Plaintiffs' claim;

      c.     purposefully, wrongfully and repeatedly withholding pertinent benefits,

3

coverages and other provisions due Plaintiffs under the terms and conditions of their insurance policy in violation of the Unfair Claims Settlement Practices Act, 36 O.S. §§1250.1-1250.16;

d.    purposefully, wrongfully and repeatedly failing to communicate all coverages and benefits applicable to Plaintiffs' claim;

e.    forcing Plaintiffs to retain counsel to recover insurance benefits to which they were entitled under the terms and conditions of the insurance contract;

f.    engaging in an outcome oriented investigation of Plaintiffs' claim designed to reduce the amount of money paid to Plaintiffs for their claim; and,

g.    unfairly and unreasonably depreciating Plaintiffs' dwelling and property in an effort to reduce the amount of money paid to Plaintiffs for their claim.

19.    Horace Mann's obligations arise from both the express written terms of the policy and the Oklahoma Insurance Code. Horace Mann's failure to implement and/or follow Oklahoma's statutory Insurance Code constitutes bad faith.

20.    The conduct of Defendants, as described above, constitutes bad faith and is a material breach of the terms and conditions of the insurance contract between the parties.

21.    As a direct result of Horace Mann's bad faith, Plaintiffs' claim was unnecessarily delayed, inadequately investigated, and wrongly underpaid. Said actions resulted in additional profits and financial windfall for Horace Mann.

22.    As a result of Horace Mann's conduct, Plaintiffs have sustained financial losses, mental and emotional distress and have been damaged in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of attorneys' fees, costs and interest.

23.    Horace Mann's conduct was intentional, willful, malicious and in reckless disregard

4

of the rights of Plaintiff, and is sufficiently egregious in nature so as to warrant the imposition of punitive damages.

24.     Plaintiff further alleges Horace Mann enjoyed increased financial benefits and ill gotten gains as a direct result of the wrongful conduct described above herein, which resulted in the injury to Plaintiffs.

### THIRD CAUSE OF ACTION
### NEGLIGENCE·IN THE PROCUREMENT OF INSURANCE

Plaintiffs adopt and re-plead paragraphs 1 through 24 above, and for their additional claims against Defendants DTI and Horace Mann do hereby and further allege as follows:

25.     Defendant DTI was familiar with Plaintiffs. Plaintiffs had hired Defendant DTI as their primary insurance agent for their home insurance needs.  In said capacity, Defendant DTI, by and through its agent Dusty Treat, advised Plaintiffs of the need to purchase and maintain the more expensive replacement cost coverage so their home and personal property would be replaced in the event their home was destroyed by a covered loss.

26.     Plaintiffs relied on Defendant DTI's representations and annually purchased the suggested coverage paying the higher premiums.

27.     Defendant DTI procured the subject policy, providing for replacement cost coverage for Plaintiffs.  At all times relevant hereto, Defendant DTI was an agent and/or ostensible agent of Defendant Horace Mann.

28.     Defendant DTI owed Plaintiffs a duty to act in good faith and to exercise reasonable care, skill and diligence in the procurement of insurance for the Plaintiffs, and in the notification to the Plaintiffs of insurance coverage options.

29.     Defendant DTI had a duty to inform Plaintiffs of all coverages, benefits, limitations

and exclusions in the coverage procured.

30.     Defendant DTI breached its duty owed to Plaintiffs and is liable to Plaintiffs because through the fault of Defendant DTI, the insurance requested by Plaintiffs was not procured as promised and Plaintiffs suffered a loss.

31.     Defendant DTI breached its duty owed to Plaintiffs by:

   a.     Procuring an insurance policy which did not serve to actually represent the replacement cost of their home and personal property when their home was destroyed by a covered loss;

   b.     Procuring a policy which did not accurately reflect the replacement cost of Plaintiffs' dwelling; and

   c.     Procuring a policy with an inaccurate Protection Class Designation.

32.     Defendant DTI had a duty to inform Plaintiffs of all coverages, benefits, limitations and exclusions.  Defendant DTI breached its duty by failing to inform Plaintiffs of the limitations of the policy it had procured for Plaintiffs.

33.     Defendant DTI was negligent and breached its duty owed to Plaintiffs by failing to monitor and review the policy procured for Plaintiffs to ensure it provided appropriate and accurate coverage for the risk.

34.     Plaintiffs assumed the policy of insurance procured and maintained by Defendant DTI conformed to their agreement with Defendant DTI.

35.     Plaintiffs relied on Defendant DTI to procure and maintain appropriate and accurate coverage for the risk. Defendant DTI knew, or should have known, Plaintiffs relied on its agent and employee, Dusty Treat, to procure appropriate and accurate coverage, and it was foreseeable that the failure to procure appropriate and accurate coverages for Plaintiffs could unnecessarily expose

them to significant harm, losses, and damages.

36.     Defendant DTI is the agent and/or ostensible agent of Defendant Horace Mann, and Defendant Horace Mann is vicariously liable for the conduct of Defendant DTI.

37.     As a result of Defendants' conduct, Plaintiffs have sustained financial losses, mental and emotional distress, and have been damaged in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of attorneys' fees, costs and interest.

38.     The conduct of Defendants was intentional, willful, malicious and in reckless disregard of the rights of the Plaintiffs, and is sufficiently egregious in nature as to warrant the imposition of punitive damages.

## FOURTH CAUSE OF ACTION
## CONSTRUCTIVE FRAUD AND
## NEGLIGENT MISREPRESENTATION

Plaintiffs adopt and re-plead paragraphs 1 through 38 above, and for their additional claims against Defendants DTI and Horace Mann do hereby and further alleges as follows:

39.     Defendant DTI had a duty to exercise reasonable diligence and skill in obtaining and notifying Plaintiffs of insurance coverage options.   Defendant DTI breached this duty by misrepresenting to Plaintiffs as follows:

a.   The insurance coverage procured was sufficient to protect Plaintiffs' home in the event they suffered a catastrophic loss;

b.   The amount of coverage procured, and for which premiums were paid, was equal to the actual cash value of Plaintiffs' home; and,

c.   The amount of coverage procured would provide the coverage necessary for Plaintiffs to replace their dwelling and personal property in the event their home was totally destroyed by a covered event.

7

40.     As a result of Defendant DTI's breach of duty, Defendant DTI gained an advantage for itself by misleading Plaintiffs, to their prejudice.  Defendant DTI misrepresented the nature of the insurance policy procured for Plaintiffs; Defendant DTI misrepresented the policy as one which would provide appropriate and adequate coverage for Plaintiffs' home and personal property; and Defendant DTI misrepresented the policy as one which would cover to replace Plaintiffs' dwelling and personal property in the event their home was totally destroyed by a covered event.

41.     Defendant DTI's misrepresentations constitute constructive fraud.

42.     Plaintiffs were induced to accept and purchase the Horace Mann policy of insurance by Defendant DTI's misrepresentations and constructive fraud.

43.     Plaintiffs were misled by Defendant DTI's misrepresentations and constructive fraud.

44.     Defendant DTI is the agent and/or ostensible agent of Defendant Horace Mann for purposes of these misrepresentations, and as such is vicariously liable for them.

45.     As a result of the Defendants' constructive fraud and misrepresentation, Plaintiffs have sustained financial losses, mental and emotional distress and have been damaged in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of attorneys' fees, costs and interest.  Plaintiffs are further entitled to reformation of the insurance contract to provide coverage consistent with Defendant DTI's misrepresentations.

46.     The conduct of Defendants was intentional, willful, malicious and in reckless disregard of the rights of the Plaintiffs, and/or was grossly negligent, and is sufficiently egregious in nature so as to warrant the imposition of punitive damages.

## FIFTH CAUSE OF ACTION
## BREACH OF FIDUCIARY DUTY

Plaintiffs adopt and re-plead paragraphs 1 through 46 above, and for their additional claims

8

against Defendants DTI and Horace Mann further alleges as follows:

47.     A special relationship akin to that of a fiduciary duty exists between the Defendants and Plaintiffs stemming from the quasi-public nature of insurance, the unequal bargaining power between the Defendants and Plaintiffs, and the potential for Defendants to unscrupulously exert that power at a time when Plaintiffs are most vulnerable.  As a result of this special relationship, the Defendants owed a fiduciary duty to their insureds to act in a manner consistent with the interests of its insured.

48.     A fiduciary relationship existed between Plaintiffs and Defendant DTI.  The overmastering influence of Defendant DTI over Plaintiffs, and Plaintiffs' dependency and trust in their insurance agent, Defendant DTI, which was justifiable given the relationship between them, and Defendant DTI's assurance it could procure the insurance policy Plaintiffs requested, creates a fiduciary status with respect to Defendant DTI as it relates to Plaintiffs.  Defendant DTI's duty to act reasonably given the specialized knowledge it possessed of the terms and conditions of insurance policies created such a special relationship as to make Defendant DTI a fiduciary.

49.     The Defendants breached their fiduciary duties owed to the Plaintiffs.

50.     As a result of the Defendants' breach of fiduciary duties, Plaintiffs have sustained financial losses, mental and emotional distress and has been damaged in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of attorneys' fees, costs and interest.

51.     The conduct of Defendants was intentional, willful, malicious and in reckless disregard of the rights of the Plaintiffs, and is sufficiently egregious in nature so as to warrant the imposition of punitive damages.

## **PRAYER FOR RELIEF**

**WHEREFORE,** premises considered, Plaintiffs pray for judgment in their favor and

against Defendants, Horace Mann Insurance, and Dusty Treat Insurance Agency, LLC, for:

    a)      Payment for all contractual benefits for all coverages afforded to Plaintiffs under the subject homeowners policy of insurance for damage to their property caused by the May 20, 2013, tornado, with interest on all amounts due;

    b)      Compensatory damages for intentional infliction of emotional distress and mental pain and suffering;

    c)      Disgorgement of the increased financial benefits derived by any and/or all of the Defendants as a direct result of the Defendants' wrongful conduct;

    d)      Actual and punitive damages each in an amount in excess of $75,000.00; and,

    e)      Prejudgment interests, costs and attorneys' fees.

Respectfully submitted,

JEFF D. MARR, OBA No. 16080
CAROLE DULISSE, OBA No. 18047
MARR LAW FIRM
4301 Southwest Third Street
Suite 110
Oklahoma City, Oklahoma 73108
Telephone: (405) 236-8000
Facsimile: (405) 236-8025
Email: jeffdmarr@marrlawfirm.com
*Attorneys for Plaintiffs*

**ATTORNEYS' LIEN CLAIMED**
**JURY TRIAL DEMANDED**