IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| PHILIP MAYER and TAMMY MAYER, husband and wife, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. CIV-14-1381-C |
| HORACE MANN INSURANCE COMPANY and DUSTY TREAT INSURANCE AGENCY, LLC, | ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs' home was damaged in the May 20, 2013, tornado that hit Moore, Oklahoma. Plaintiffs subsequently filed a claim with their homeowner's insurance provider, Defendant Horace Mann Insurance Company ("Horace Mann"). Plaintiffs' had obtained the homeowner's insurance policy through Horace Mann's agent, Defendant Dusty Treat Insurance Agency, LLC ("DTIA"). Horace Mann is incorporated in Illinois. DTIA is incorporated in Oklahoma. After the parties were unable to agree upon the extent of the damages sustained, Plaintiffs filed the present action in the District Court of Cleveland County, Oklahoma, on May 20, 2014. In addition to the breach of contract and bad faith claims asserted against Horace Mann, Plaintiffs assert claims of negligence in procurement of insurance, constructive fraud and negligent misrepresentation, and breach of fiduciary duty against both Horace Mann and DTIA. On December 15, 2014, Horace Mann removed the action to this Court, asserting that diversity jurisdiction exists because DTIA was fraudulently joined. (Notice of Removal, Dkt. No. 1, at 3.) On December 19, 2014, DTIA

filed a Motion to Dismiss (Dkt. No. 13), arguing that Plaintiff's claims against DTIA must be dismissed because DTIA was fraudulently joined and Plaintiffs have failed to sufficiently state any claims against DTIA. On January 9, 2015, Plaintiffs contemporaneously filed a Response (Dkt. No. 16) and a Motion to Remand (Dkt. No. 15). Plaintiffs assert that Defendants have failed to meet the burden necessary to sustain removal and that Plaintiffs have sufficiently pleaded the claims against DTIA.

Removal of the instant case is based on diversity of citizenship. Pursuant to 28 U.S.C. § 1332(a), a federal district court "shall have original jurisdiction of all civil actions where the matter . . . is between . . . citizens of different States." Because "the courts of the United States are courts of limited jurisdiction, there is a presumption against" removal jurisdiction. Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974) (citing City of Lawton, Okla. v. Chapman, 257 F.2d 601 (10th Cir. 1958)). Plaintiffs and DTIA are both citizens of Oklahoma; therefore, Defendants must demonstrate that the joinder of DTIA was fraudulent to establish that removal was proper. To prove the allegation of fraudulent joinder, "'the removing party must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" Dutcher v. Matheson, 733 F.3d 980, 988 (10th Cir. 2013) (quoting Cuevas v. BAC Home Loans Servicing, LP, 648 F.3d 242, 249 (5th Cir. 2011)). Defendants must establish fraudulent joinder with clear and convincing evidence. Hart v. Wendling, 505 F. Supp. 52, 53 (W.D. Okla. 1980) (citing Town of Freedom, Okla. v. Muskogee Bridge Co., Inc., 466 F. Supp. 75 (W.D. Okla. 1978)). Defendants' allegation of fraudulent joinder

2

cannot survive if the Court finds "there is a reasonable basis to believe the plaintiff might succeed in at least one claim against the non-diverse defendant." Nerad v. AstraZeneca Pharm., Inc., 203 F. App'x 911, 913 (10th Cir. 2006) (citing Badon v. RJR Nabisco, Inc., 224 F.3d 382, 393 (5th Cir. 2000)). "A 'reasonable basis' means just that: the claim need not be a sure-thing, but it must have a basis in the alleged facts and the applicable law." Id.

Defendants argue, in part, that Plaintiffs have failed to state a claim of negligence in the procurement of insurance. Oklahoma law provides that "an insurance agent may be liable under either contract or tort theories for failure to obtain insurance." Swickey v. Silvey Cos., 1999 OK CIV APP 48, ¶ 8, 979 P.2d 266, 268.[*] An insurance agent has a duty "to exercise reasonable care and skill in performing its tasks, i.e. procuring insurance," and may be "liable to the insured if, by the agent's fault, insurance is not procured as promised and the insured suffers a loss." Id., ¶ 13, 979 P.2d at 269. Defendants argue Plaintiffs' claim fails because Plaintiffs do not allege that the amount of coverage procured was not the amount requested. See Cosper v. Farmers Ins. Co., 2013 OK CIV APP 78, ¶ 9, 309 P.3d 147, 149 (finding Plaintiffs had not sufficiently stated a claim for negligent procurement of insurance where "Plaintiffs did not allege that they requested a specific coverage limit and Defendants disregarded the request and issued a policy in some other amount."). Plaintiffs assert that they relied on DTIA both in the past and for the transaction relevant here. According to

---

[*] The Court cites decisions of the Oklahoma Court of Civil Appeals for their persuasive value. See 20 Okla. Stat. § 30.5 ("No opinion of the Court of Civil Appeals shall be binding or cited as precedent unless it shall have been approved by the majority of the justices of the Supreme Court for publication in the official reporter.").

3

Plaintiffs' Petition, DTIA advised Plaintiffs that they needed "the more expensive replacement cost coverage so their home and personal property would be replaced in the event their home was destroyed by a covered loss." (Notice of Removal, Dkt. No. 1, Ex. 2 at 5.) Plaintiffs allege that they purchased the replacement cost coverage but DTIA procured a coverage policy that "did not serve to actually represent the replacement cost of their home and personal property." (Id. at 6.) Plaintiffs further assert that they suffered a loss as a result of DTIA's conduct, which includes the failure to procure the replacement cost coverage. Viewing these allegations in a light most favorable to Plaintiffs, it cannot be said that Plaintiffs could prove no set of facts that would entitle them to relief. Whether or not Plaintiffs are able to ultimately prevail on their claims, or whether or not Oklahoma law will reach those claims, are not issues for decision at this stage. As the Tenth Circuit has recognized, the objective is not to pre-try the merits of Plaintiffs' claims as "'[a] claim which can be dismissed only after an intricate analysis of state law is not so wholly insubstantial and frivolous that it may be disregarded for purposes of diversity jurisdiction.'" Brazell v. Waite, 525 F. App'x 878, 881 (10th Cir. 2013) (unpublished) (quoting Batoff v. State Farm Ins. Co., 977 F.2d 848, 853 (3d Cir. 1992)). Thus, Defendants have failed to establish by clear and convincing evidence that the joinder of DTIA was fraudulent. Hart, 505 F. Supp. at 53. Consequently, complete diversity does not exist, and this Court lacks subject matter jurisdiction to consider the matter further.

Accordingly, Defendant Dusty Treat Insurance Agency, LLC's Motion to Dismiss for Fraudulent Joinder and Failure to State a Claim (Dkt. No. 13) is DENIED. Plaintiff's Motion

to Remand (Dkt. No. 15) is GRANTED. The Court Clerk shall take the necessary steps to remand this matter to the District Court of Cleveland County, Oklahoma, as soon as possible.

IT IS SO ORDERED this 13th day of April, 2015.

ROBIN J. CAUTHRON
United States District Judge